OPINION OF THE COURT
Per Curiam.
Judgment entered September 18, 2000 affirmed, with $25 costs.
*720 Plaintiff consented to the trial court’s charge of General Business Law § 218 as a defense to this false arrest action, and has therefore failed to preserve her present appellate argument that the statute was inapplicable to the store incident in question (CPLR 4110-b). Moreover, section 218 provides a defense to a retail establishment in an action for false arrest where, as here, there was a detention for purposes of investigation “as to the ownership of any merchandise.” The statute includes within its purview conduct involving the alleged fraudulent return of merchandise not previously purchased for store credit against other purchases. The testimony of defendant’s loss prevention employee as to his observations of the plaintiff furnished an ample evidentiary basis for a finding that there were “reasonable grounds” to believe plaintiff “was committing or attempting to commit larceny * * * of such merchandise” (General Business Law § 218). Nor was the time of plaintiffs detention (between 15 and 45 minutes) unreasonable as a matter of fact or law. It cannot be said that the jury verdict in defendant’s favor could not have been reached on any fair interpretation of the evidence (Nicastro v Park, 113 AD2d 129, 134).
McCooe, J. P., Gangel-Jacob and Suarez, JJ., concur.